BLD-151                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2259
_____

GARY BANKS,
                                      Appellant

v.

LT. MARK MOZINGO; DR. ASSIST. MIKE HICE; LT. MACKEY; CORRECT.
OFFICER MEEKER; CORRECT. OFFICER DERAN; CORRECT. OFFICER
STOKER; CORRECT. OFFICER RICHIE; CORRECT OFFICER FAULKNER;
C.O. BURTON; LT. BERRIER; *SECRETARY PENNSYLVANIA DEPARTMENT
OF CORRECTIONS; CHIEF PSYCHIATRIST FRED MAVE;
DUPUTY SUPERT. MARK KRYSIVIG; CHIEF PSYCHOLOGIST LANCE
COUTERER; ROBERT TRETINIK
*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 08-cv-00004)
District Judge: Honorable Davis Stewart Cercone
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 31, 2011


Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 18, 2011)
_____

OPINION
_____

PER CURIAM

Appellant Gary Banks, an inmate at the State Correctional Institute at Frackville, appeals from an order of the District Court granting summary judgment in favor of the defendants in this pro se civil rights action. For the following reasons, we will summarily affirm.

Banks's complaint arises almost entirely out of several similar events that occurred in May and June 2006, during which Banks was confined in the prison's Long Term Segregation Unit. Each of the incidents began when Banks smeared feces on the walls of his cell, on the cell's security camera, or on himself. As a result, guards had to remove Banks from the cell so it could be cleaned. After the first incident, Banks refused an order to submit to voluntary handcuffing. A guard twice sprayed mace into the cell, and Banks agreed to be handcuffed and allowed the officers to secure a "spit mask." Every other time Banks had to be removed, he allowed the guards to secure handcuffs and a "spit mask," and the guards in turn did not spray mace.

On each occasion, Banks was escorted from his cell to the shower. He underwent a strip search, received clean clothes, was placed in security restraints and temporarily held in a strip cell, and eventually returned to his cell, which had been cleaned. Although Banks's cooperation allowed for most of these events to pass without incident, the guards were occasionally required to use force. For instance, Banks once bit the guard who was securing the "spit mask." Another guard used a taser to subdue Banks, and no further force was required. On another occasion, on the way to the shower, Banks claims that a

2

guard pushed him, elbowed him, and attempted to step on his feet. Banks spat on the guard, another guard sprayed Banks with mace, and the event passed without further incident. Finally, on one other occasion, Banks was able to free one arm from its restraints. He broke the sprinkler head in his cell and made a noose from the sheet of his bed. As a result, he was placed in a restraint chair for eight hours. Banks was issued various misconducts after each of these events.

Banks also complains about two court-ordered blood tests. After he refused to voluntarily submit to the tests, he was placed in a restraint chair so medical staff could draw blood. He claims that the needles used were not taken from a sanitized bag, and that the blood tests were really a ploy to inject him with Hepatitis B and to conduct experiments on him.

In January 2008, Banks filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants several prison guards, medical staff, and administrators, alleging that he was subjected to cruel and unusual punishment and unconstitutional conditions of confinement, that he was denied medical care, and that he was improperly issued misconducts. In addition, he claimed violations of his First, Fifth, and Fourteenth Amendment rights. The District Court dismissed the claim against one defendant, who had administered the court-ordered blood tests, on the ground of absolute immunity. The District Court awarded summary judgment on the claims against the other defendants. Banks appealed.

We have jurisdiction to hear this appeal under 42 U.S.C. § 1291. "Absolute

3

immunity is a purely legal question over which we exercise plenary review." In re Montgomery County, 215 F.3d 367, 372 (3d Cir. 2000). When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

We agree with the District Court that Banks cannot maintain an action against the defendant who administered the blood tests. As Banks admits, the blood tests were conducted pursuant to a court order. An "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003). Banks does not suggest that the court order was invalid. In addition, his allegation that the blood test was a ruse to inject him with Hepatitis B and conduct experiments on him is insufficient "to raise a right of relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Banks argues that the defendants used excessive force. The Eighth Amendment prohibits prison officials from unnecessarily and wantonly inflicting pain in a manner that offends contemporary standards of decency. See Hudson v. McMillian, 503 U.S. 1, 8

4

(1992). When reviewing Eighth Amendment excessive-force claims, we must determine whether the "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm ." Id. at 7. Whether the force applied was excessive requires the examination of several factors outlined by the Supreme Court in Whitley v. Albers, 475 U.S. 312, 321 (1986), including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

Here, Banks argues that the defendants' use of the taser and mace amounted to excessive force. First, the use of these products does not in itself amount to an Eighth Amendment violation. See, e.g., Couden v. Duffy, 446 F.3d 483, 505-06 (3d Cir. 2006). Second, these items were used in response to Banks's actions. The defendants used mace once after Banks refused to voluntarily submit to handcuffing, and again to subdue Banks after he had spat at a guard. The taser was used to subdue Banks after he had bitten one of the guards. Moreover, Banks has produced no evidence to establish that he suffered any serious injuries as a result of either the taser or the mace.

Banks further alleges that, on the occasions when he had to be placed in restraints, the defendants made the straps too tight. When the defendants restrained Banks, they did so because they had to remove him from his cell to clean up the messes that he had made, to prevent him from further damaging or destroying property, and, one occasion, to

5

secure a noose that he had constructed from his bed sheet. In addition, Banks admits that every time he was restrained, a nurse checked him periodically to ensure that there were no circulation problems. The nurse's reports are a part of the record, and they indicate that Banks was not seriously injured after any of the incidents. Thus, we agree with the District Court that summary judgment was proper on Banks's excessive-force claims.

Banks also argues that he was denied medical care because he was not given medical attention after the defendants used the taser and mace. An inmate making an Eighth Amendment claim on the basis of the denial of medical treatment must show "(1) that the defendants were deliberately indifferent to [his or her] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Here, the defendants submitted the medical reports prepared after the relevant incidents. The reports belie Banks's claims. He refused an offer to flush his eyes after the first application of mace. After the second application, as he admits, he cleaned his eyes with water from the sink in his cell. After the defendants used a taser, Banks was examined by the nurse and no injuries were noted. Banks offers nothing more than his bare assertions to dispute the defendants' evidence that they were not deliberately indifferent to his serious medical needs. Thus, the District Court properly granted summary judgment on this claim.

Banks also challenges the conditions of his confinement. A prisoner making a conditions-of-confinement claim must satisfy the two-part test established in Farmer v. Brennan, 511 U.S. 825 (1994). First, the prisoner must show that he was subjected to a

6

sufficiently serious deprivation that resulted in the denial of "the minimal civilized measure of life's necessities." Id. at 834 (internal quotations and citation omitted). Second, the prisoner must show that the defendant was "deliberately indifferent" to inmate safety. Id.

Banks claims that he was forced to live in an unsanitary cell. The basis for this ironic claim is the feces that was smeared on the cell's walls. As Banks admits, however, the feces was on the wall because he had put it there. Moreover, the record demonstrates that, when Banks did sully his cell, the defendants took actions to remove Banks and see that both he and the cell were cleaned. He also argues that he was denied basic necessities, such as running water, a mattress, clothes, and a blanket. The defendants produced evidence, which included video footage of the incidents in question, to establish that these claims were untrue. Banks offered no evidence to the contrary. Moreover, Banks introduced no evidence to establish that these conditions "pos[ed] a substantial risk of serious harm." Id.; see also Williams v. Delo, 49 F.3d 442, 444-47 (8th Cir. 1995) (finding no Eighth Amendment violation where prisoner was placed in a strip cell without clothes, the water in the cell was turned off and the mattress removed, and prisoner's bedding, clothing, legal mail, and hygienic supplies were withheld). Thus, we conclude that the District Court properly granted summary judgment on Banks's conditions-of-confinement claims.

Banks also purports to bring the above claims under the Due Process Clauses of the Fifth and Fourteenth Amendments. First, since none of the defendants are agents of

the federal government, the Fifth Amendment is inapplicable.  See Chavez v. Martinez, 538 U.S. 760, 788 (2003).  Second, to the extent that Banks alleges due-process violations relating to excessive force, the denial of medical care, and the conditions of his confinement, these claims are properly analyzed under the Eighth Amendment.  See Albright v. Oliver, 510 U.S. 266, 273 (1994).  To the extent that Banks alleges that he was improperly issued misconducts for the events in question, this challenge is actionable under § 1983 only if he can establish that the misconduct was issued in retaliation for his exercising a constitutional right.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Banks has offered no evidence to suggest that the defendants had a retaliatory motive in issuing any of the misconducts.

Finally, Banks argues that he missed a court date on one of the days that he had to be removed from his cell.  We construe this claim as an allegation that he was denied access to the courts.  An inmate making such a claim must show, inter alia, that he suffered an actual injury.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  Actual injury occurs when the inmate demonstrates that a "nonfrivolous" and "arguable" claim was lost as a result of the defendant's actions.  Christopher v. Harbury, 536 U.S. 403, 415 (2002). Here, Banks alleges that he missed a court date relating charges that resulted from a previous fight that he had had with prison guards.  He does not identify a claim, much less an arguable and nonfrivolous claim, that he was prevented from raising as a result of missing the court date.  Thus, the District Court properly granted summary judgment to the defendants on this claim.

Accordingly, we conclude that this appeal does not present a substantial question, and we will affirm the decision of the District Court.  Banks's motions to clarify the appeal process, and for the appointment of counsel, for legal property, and access to the DOC law library, are denied.